UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUANA GUDINO,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA; THE NORTHERN MAIDUE INDIAN TRIBE dba GREENVILLE RANCHERIA HEALTH CLINIC; and DOES 1-10,<br><br>        Defendants. | No. 2:18-cv-00963-JAM-EFB<br><br>**ORDER GRANTING IFP STATUS; DISMISSING COMPLAINT** |

    Plaintiff Juana Gudino filed this action on April 18, 2018, Complaint, ECF No. 1, and concurrently moved to proceed in forma pauperis ("IFP"), ECF No. 2. Plaintiff has submitted the affidavit required under 28 U.S.C. § 1915(a)(1), which demonstrates that Plaintiff is unable to pay fees or security. Plaintiff's Motion to Proceed In Forma Pauperis is therefore granted.

    Pursuant to the in forma pauperis statute, the Court shall dismiss a case at any time if the Court determines that the action is frivolous or malicious, fails to state a claim on which

1

relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's complaint is premature. Plaintiff alleges she submitted her claim for medical negligence on a Standard Form 95 to the Department of Health and Human Services on July 11, 2017. Compl. ¶ 10. She received a response—dated October 4, 2017—that her SF-95 form was invalid for failing to include a sum certain for damages. Compl., Exh. 1, at 1. She then submitted the SF-95 form with the sum certain. Compl. ¶ 10. In a letter dated November 13, 2017, the Department of Health and Human Services acknowledged receipt of Plaintiff's "amended claim" on November 6, 2017. Id. at 5.

"An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing . . ." or the agency has failed to make final disposition of the claim within six months after it is filed. 28 U.S.C. § 2675. Where a claimant has amended her claim prior to final action, the Department of Health and Human Services has "6 months in which to make a final disposition of the claim as amended and the claimant's option under 28 U.S.C. 2675(a) shall not accrue until 6 months after the filing of an amendment." 45 C.F.R. § 35.2; see Wright v. City of Santa Cruz, No. 13-cv-01230, 2014

WL 3058470 (N.D. Cal., July 3, 2014) (dismissing claim against the United States where the plaintiff filed suit within six months of amending her claim to the DEA).

Plaintiff has not alleged that the agency finally denied her claim and it has not been six months since Plaintiff filed her amended SF-95. Thus, the Complaint is ordered dismissed. However, the six month period expires May 6, 2018, after which date the Court may entertain Plaintiff's claim. Accordingly, the Court grants Plaintiff leave to amend her complaint until May 11, 2018, provided that the agency has denied her claim or failed to respond by May 6, 2018.

IT IS SO ORDERED.

Dated: April 20, 2018

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE